# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-26-00582-CV

**D. V. A., Appellant**

**v.**

**Texas Department of Family & Protective Services, Appellee**

### FROM THE 424TH DISTRICT COURT OF LLANO COUNTY
### NO. 22916, THE HONORABLE CHERYLL MABRAY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant has filed an unopposed motion to dismiss this appeal. In the motion, Appellant's attorney represents that Appellant's June 25, 2026 notice of appeal was filed prematurely because the trial court had not yet rendered the final judgment in the suit. Appellant's attorney also represents that the trial court rendered the suit's final judgment on July 13, 2026. But rather than proceeding in this appellate cause number under Rule of Appellate Procedure 27.1(a), which provides, "In a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal," Appellant, through counsel, instead asks that this appeal be dismissed so that Appellant can file a new notice of appeal in the trial court, opening a new appellate cause number in this Court. *Cf. In re A.C.T.M.*, 682 S.W.3d 234, 236 (Tex. 2023) (per curiam) (setting forth Rule 27.1(a) and then stating: "Mother filed her first appeal after the oral pronouncement but before the trial court signed the

November order.  Under Rule 27.1(a), this premature filing successfully invoked the jurisdiction of the appellate court.  If the November order is the final order, then the court of appeals should have accepted Mother's original, early appeal.").  Because Appellant's request to dismiss her own appeal means that there is no live controversy that can be decided in this appeal, thus undermining our jurisdiction over this appeal, we grant Appellant's motion and dismiss the appeal.  *See* Tex. R. App. P. 42.1(a).

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Dismissed on Appellant's Motion

Filed:   July 28, 2026